IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DR. ROBERT THEODORE WEIDOW,
    Plaintiff,

vs.                                  3:07cv447/MCR/MD

OKALOOSA COUNTY, FLORIDA, et al.,
    Defendants.

---

**ORDER and**
**REPORT AND RECOMMENDATION**

      Plaintiff, an inmate at the Okaloosa County, Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Middle District of Florida that was transferred to this court.  Plaintiff was directed to file an amended complaint and a motion for leave to proceed *in forma pauperis* on the proper forms. He filed his amended complaint (doc. 9), and a motion to proceed *in forma pauperis* (doc. 10).  Although the court entered an order denying the motion to proceed *in forma pauperis* without prejudice and afforded the plaintiff thirty days to file an amended motion, it now appears that this order was improvidently entered.  It has come to the court's attention that the plaintiff has filed myriad cases in the United States District Court for the District of South Carolina that he failed to report on his complaint form.  This, without more, is grounds for dismissal of plaintiff's case.  In addition, the court has ascertained that plaintiff has had at least three cases dismissed as frivolous, malicious, or for failure to state a claim, and therefore he is not entitled to proceed *in forma pauperis* in this case.  Having reviewed the complaint, applicable statutes and controlling case law, the court concludes that this complaint is subject to summary dismissal.

On page five of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (Complaint, at p. 4). On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*).

On page five of the civil rights complaint form, Section IV(c), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*, p. 6). On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (*id.*).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7). Thus, plaintiff has in effect stated that he has initiated no other lawsuits in federal court that relate to the fact or manner of his imprisonment or the conditions of his imprisonment.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g), the court must necessarily

investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[1] Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice that the following cases, which were not reported by plaintiff on his complaint form, have been dismissed as "strikes:" *Weidow v. Richland County,*, Case 0:00-1072-19BD (dismissed April 25, 2000); *Weidow v. Smith, et al.*, 0:00-3096-19BD (dismissed November 14, 2000); *Weidow v. Richland County Detention Center*, Case 0:00-2816-19BD (dismissed May 25, 2001). In addition, a case that plaintiff filed in this court, that also was not reported on his amended complaint form, was dismissed pursuant to 28 U.S.C. § 195(e)(2)(B)(ii) on November 27, 2007. (*Weidow v.*

---

[1]"[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

*Okaloosa County, Florida,* Case 3:07cv428/MCR/MD).  Plaintiff therefore must pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

In this case, plaintiff alleges that he is being "held against his will for wrong and illegal reasons," that his rights under the Americans With Disabilities Act have been severely violated, that he is being "abused, threatened and denied [his] freedom," that he has been denied access to the courts and his right to a speedy trial.  (Complaint at p. 6). He asserts that he and his wife were arrested for "something [they] did not do," and that since his incarceration he has been unable to secure an attorney to fight the charges.  (*Id.*). He also claims that an investigator from the office of the State's Attorney has tried to get him to cooperate, but that when plaintiff was unable to truthfully answer questions, the investigator tried to get plaintiff to lie.  (*Id.*).  Plaintiff alleges that when he refused to lie was when the "threats" started.  (*Id.* at p. 7).  Plaintiff was told he "would get the maximum sentence for [his] charges if [he] did not say what they wanted [him] to say," and asserts that he is being threatened with "bodily harm" by unspecified guards and jail officials.  (*Id.*) Plaintiff claims he has contacted each of the named defendants in this case and has proof that they refused to help him.  (*Id.*).  He states that he has asked the court for restraining orders, writs of habeas corpus and an order dismissing the false charges against him, all to no avail.  (*Id.*).  He makes a conclusory statement about feeling threatened and in danger "in Okaloosa County" and fearing that "something will happen to [his] wife."  (*Id.*). Plaintiff claims to have suffered "mental anguish, emotional distress, humiliation, [and] loss of enjoyment" and states that the county has failed to provide him with adequate security. (*Id.*).  Finally, plaintiff asserts that all defendants have shown "unethical behavior unbecoming county employees."  (*Id.*).

In his statement of claim, plaintiff asserts that all of his constitutional rights are being violated, including his civil and *Miranda* rights, and states that his freedom is being denied for wrong and illegal reasons. (Complaint at p. 8).  Plaintiff seeks a writ of habeas corpus, a restraining order against Okaloosa County Officials, protection for he and his wife, and $200,000 in compensatory damages for his wrongful incarceration.  (*Id.*).

Due to plaintiff's status as a "three-striker," the court must consider whether plaintiff is under imminent danger of serious physical injury and therefore is entitled to proceed *in forma pauperis* in this case. Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed *in forma pauperis*. According to the Eleventh Circuit, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; *Jackson v. Reese,* 608 F.2d 159, 160 (5th Cir. 1979); *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). However, general allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint).

Plaintiff's conclusory allegations do not entitle him to proceed *in forma pauperis* in this case. Therefore, this action should be dismissed without prejudice because he failed to file the $350.00 filing fee at the time he initiated this action.[2] Plaintiff may initiate a new civil rights case by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time of filing.

---

[2]Plaintiff is advised that his failure to truthfully complete the complaint form and report prior cases he has filed is also grounds for dismissal of this, or any subsequent action.

*Case No: 3:07cv447/MCR/MD*

Accordingly, it is ORDERED:

The court's order directing plaintiff to file a motion to proceed *in forma pauperis* within thirty days (doc. 11) is hereby VACATED.  Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 10) is DENIED as he is not entitled to proceed *in forma pauperis* in this action.

And it is respectfully RECOMMENDED:

That this case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 11th day of December, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**